UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Raphael Mendez,

Plaintiff,

vs.                                              REPORT AND RECOMMENDATION

Judge: W. Earl Britt, et al (NC);
Appointed Counsel: James B.
Craven III (NC); Independent
Psy: Dr. Wilson (MN); F.M.C.
Inst. Psy: Dr. Simcox (MN);
F.M.C. Inst. Psy: Dr. Sigurdson
(MN); and F.M.C. Inst. Social
Worker Seebach (MN),

Defendants.              Civ. No. 07-1278 (JMR/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

I.  Introduction

This matter came before the undersigned United States Magistrate Judge

pursuant to a general assignment, made in accordance with the provisions of Title 28

U.S.C. §636(b)(1)(B), upon the Application of the Plaintiff Raphael Mendez

("Mendez") for leave to proceed in forma pauperis, ("IFP"). See, Docket No. 2.

The Plaintiff appears pro se and, in view of the fact that his Complaint has yet

to be served, no appearance has been made by, or on behalf of, the Defendants.

For reasons which follow, we recommend that the Plaintiff's IFP application be denied, and that the action be summarily dismissed.

## II. Factual and Procedural Background

The Plaintiff, who is a civilly committed Federal detainee, is currently confined at the Federal Medical Center, in Rochester, Minnesota, ("FMC-Rochester").  He has submitted various documents with his Complaint, which shed some light on how he came to be committed.   In 1990, the Plaintiff was apprehended in the Virgin Islands, and was charged with assault with a deadly weapon -- namely, a shotgun.  The Trial Court apparently found reason to believe that the Plaintiff might not be competent to stand Trial, so the Plaintiff was sent to the Federal Medical Center, in Butner, North Carolina ("FMC-Butner"), for a mental health examination.   The doctors who examined the Plaintiff evidently found him to be incompetent, and thus, he never proceeded to Trial on the assault charge arising from the alleged incident in the Virgin Islands.  See, Complaint, Docket No. 1, Exhs. 3, 4, and 7.

Rather, the doctors who examined the Plaintiff determined that he was suffering from a mental disease or defect, which caused him to be dangerous to himself, or to others.  Therefore, in 1991, the Warden at FCI-Butner filed a Petition in the United States District Court for the Eastern District of North Carolina, seeking to have the

Plaintiff civilly committed, pursuant to Title 28 U.S.C. §4246(a). The Petition was granted, and the Plaintiff was civilly committed. Id., Exh. 3.  He was conditionally released in May of 1996, but was readmitted to FMC-Butner in September 18, 2002, after violating the conditions of his release, when he was arrested for selling cocaine to an undercover officer. Id.  As previously noted, the Plaintiff is now being detained at FMC-Rochester.

In his Complaint, the Plaintiff references a Hearing, which was recently conducted pursuant to Title 18 U.S.C. §4247 -- a Section that permits a federally committed civil detainee to seek judicial review of his commitment. See, Complaint, at p. 1.  The Complaint alleges that the Plaintiff's recent Section 4247 Hearing was to be conducted in North Carolina on February 6, 2007, and that the Plaintiff was to attend and participate by means of a "videoconference."  The Plaintiff chose not to participate in the videoconference, but the Hearing proceeded in spite of his absence. Id.

The Plaintiff names several parties as Defendants -- specifically, the Judge who conducted the recent Section 4247 Hearing, the Court-appointed attorney who represented the Plaintiff at the Hearing, as well as several FMC-Rochester employees who were directly or indirectly involved in the Hearing process.  The Plaintiff alleges

- 3 -

that the Judge wrongly refused to recuse himself, and wrongly denied the Plaintiff's request to represent himself at the Hearing.   The Plaintiff further alleges that his Court-appointed counsel should have used the Hearing to challenge the 1990 Virgin Island assault charge, and that the various FMC-Rochester Defendants provided false or fraudulent evidence at the Hearing.   According to the Complaint, the "records use[d] at the February 6, 2007, hearing by all the respondents [i.e. the named Defendants] herein are built on fruits of Fraud."   Complaint, <u>Docket No. 1</u>, at p. 3.

For the most part, the allegations in the Plaintiff's Complaint are inscrutable, as it is impossible to discern what the Plaintiff is alleging, or what he is seeking to accomplish in this action.   The Complaint does not describe any specific injury to the Plaintiff for which legal redress might be available, nor does the Complaint mention any legal principle, or theory, on which this action is purportedly based.

It appears that the Plaintiff may be seeking further judicial review of his 1990 Virgin Island assault case, or perhaps the recent Section 4247 Hearing.   However, that is sheer speculation, because the Complaint, itself, does not actually describe any specific relief that the Plaintiff is seeking in this action.

III.  <u>Discussion</u>

An IFP application will be denied, and the action dismissed, when a plaintiff has filed a pleading that fails to state a claim upon which relief can be granted.  See, <u>Title 28 U.S.C. §1915(e)(2)(B)(ii) and (iii)</u>; <u>Atkinson v. Bohn</u>, 91 F.3d 1127, 1128 (8th Cir. 1996).   Here, we find that, even with the benefit of the most indulgent of constructions, the Plaintiff's pleading is deficient because it fails to state a legally cognizable cause of action.

To state an actionable claim for relief, a Complaint must allege a set of historical facts which, if proven true, would entitle a plaintiff to some legal redress against the named defendants, based on some settled legal principle or doctrine. While Federal Courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory:  the complaint must allege facts, which if true, state a claim as a matter of law."  <u>Martin v. Aubuchon</u>, 623 F.2d 1282, 1286 (8th Cir. 1980).

As noted, the Plaintiff's present Complaint does not mention any legal theory or principle on which his action against the Defendants is predicated, and the allegations in his Complaint are too incomprehensible to support any conceivable legal remedy under any legal theory.  Furthermore, the Plaintiff has not even described any relief or remedy that he is seeking in this action.  Simply put, the allegations set

forth in the Plaintiff's Complaint do not entitle him to any legal recourse against the named Defendants, under any legal theory.  Thus, the Plaintiff's Complaint clearly fails to state any legally cognizable cause of action.  Based on that determination, we recommend that the Plaintiffs' IFP application be denied, as moot, and that this action be summarily dismissed, pursuant to Section 1915(e)(2)(B)(ii).

NOW, THEREFORE, It is --

RECOMMENDED:

1.     That the Plaintiff's Application to Proceed In Forma Pauperis [Docket No. 2] be denied, as moot.

2.     That this action be summarily dismissed pursuant to Title 28 U.S.C. §1915(e)(2)(B)(ii).


Dated: March 9, 2007                        s/Raymond L. Erickson
                                            Raymond L. Erickson
                                            CHIEF U.S. MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2, any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than March 26, 2007**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than March 26, 2007**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. § 636 to review the transcript in order to resolve all of the objections made.